Marie J. dePINGRE, Appellant,

v.

Maria WEISSHAPPEL, Appellee.

No. 17270.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 25, 1963.

Decided July 11, 1963.

fered but its course of action foreclosed negotiation at the threshold.

Mr. Ferdinand J. Mack, Washington, D. C., with whom Messrs. Arthur J. Hilland and James E. Hogan, Washington, D. C., were on the brief, for appellant.

Mr. Joseph L. Nellis, Washington, D. C., with whom Mr. Alvin O. West, Washington, D. C., was on the brief, for appellee.

Before FAHY, DANAHER and BURGER, Circuit Judges.

DANAHER, Circuit Judge.

The appellant was named executrix in the will of one Frank Lacca who died November 28, 1959. The appellee was the decedent's sister. The estate consisted of a residence, various corporate shares, household furniture and certain bank accounts. On May 19, 1961, the appellant filed her first and final account as executrix. She reported in detail, including *inter alia,* various corporate shares held for distribution to the appellee as a bequest pursuant to the decedent's will, but made no mention of a claim in her own behalf to an interest in the corporate securities. The Probate Court approved the account as submitted. On May 10, 1962, appellant filed a complaint asking that she "be declared the owner of one-half of the securities" listed in an attached exhibit. The District Court granted summary judgment for the appellee, and this appeal followed.

Briefly summarized, appellant's complaint had alleged that "from and after May 25, 1944, and up to November 28, 1959" the decedent and the appellant "entered into a joint venture" whereby a portion of the residence property was to be rented for profit; the decedent was to invest for the joint benefit of both, the rental income; and that pursuant to the joint venture, appellant contributed maid service, a portion of the purchase price of the realty, and paid "large sums of money" toward the maintenance of the residence and for utilities furnished there and otherwise contributed of her resources and services. Appellant further alleged that from the proceeds of the joint venture the decedent had purchased the securities listed in her exhibit which securities, in violation of his promise and agreement had been bequeathed to the appellee by his will dated January 23, 1947. Accordingly, appellant claimed she was the lawful owner of one half of the listed securities. Alleging further that she "now holds for distribution" to the appellee the securities in question, she asked the District Court to determine her interest therein before the appellee should convert the securities to her own use and the jurisdiction of the District Court be defeated by appellee's removal of the securities from the District of Columbia.

The appellee admitted that she is a resident of the state of Ohio and that appellant still "holds" the securities which the appellee "claims" to own. Otherwise, her answer denied the creation of a joint venture and appellant's allegations with respect to her own contributions. Specifically by way of defense, appellee pleaded that the appellant had willfully defaulted upon her obligation as executrix and "is estopped by operation of law from asserting the alleged claim" for failure to comply with the provisions of D.C.Code §§ 18-511, 18-512 (1961).[1]

---

[1]. § 18-511 reads:
*Executor or administrator's claim must be under oath.*
"If the creditor be an executor or an administrator the claim shall not be received, although vouched and approved as aforesaid, unless he make oath, to be certified as aforesaid, 'that it does not appear from any book or writing of his decedent that any part of the said claim

We omit for the present other details apparent from the record.

Appellant has set up the questions presented as follows:

"1. Where one member of a joint venture, at his death, wrongfully and without consideration transfers all the assets of a joint venture to a third person, does the other member of the joint venture forfeit his right to impress a constructive trust upon the assets so transferred, by his failure to file a claim against the estate of the deceased joint-venturer?

"2. Whether determination of the above question is affected as a matter of law, if the person seeking to impress the trust acted as Executor of the estate of the deceased joint-venturer?"

We turn at once to the second question and answer affirmatively that as a matter of law, D.C.Code § 18-512 erects a bar to the course of retention [2] pursued by the appellant. The section specifies particularly that in "no case" shall an executor retain assets of the estate in support of the executor's own claim "unless the same be passed by the probate court * * *." Here, on the face of the papers, it appears that not only had the appellant not submitted her claim to the Probate Court, but had definitely under oath filed an account which had omitted all reference to her purported claim.

Moreover, appellant alleged that although she was executrix she had retained assets bequeathed by the terms of the will to the appellee on the ground that if she executed her obligation as such executrix the appellee would remove the securities from the jurisdiction. She thus took the law into her own hands in the face of her petition for probate of the will pursuant to which she was named executrix after having sworn that she had been "advised by counsel and upon such advice avers that it becomes her duty to propound the said Will for probate and record and to obtain letters testimentary upon said estate * * *." She tendered herself ready to give such bond as the court might require conditioned for the faithful performance of her trust.

Some fifteen months later when the appellant as executrix filed her first and final account, she made oath "that the foregoing account is just and true, and that I have bona fide paid, or secured to be paid, the several sums for which I claim credit and allowances." Not in any way did she reveal to the Probate Court that she claimed ownership of or any other interest in the corporate securities which had come into her possession as such executrix. On the contrary, she set forth that the securities were held for distribution to "Maria Weisshappel—Bequest pursuant to Item Third of Will of decedent * * *." [3] which read:

"*Third:* I give to my sister, Maria Weisshappel, residing at 1417 Plymouth Road, Cleveland 9, Ohio, if she survives me, otherwise equally to her children, Fred Weisshappel and Edward Weisshappel, any and

hath been discharged except what (if any) is credited, and that to the best of the deponent's knowledge and belief no part of the said claim hath been discharged and no security or satisfaction given for the same except what (if any) is credited.' "

§ 18-512 reads:

*Claims of executors and administrators to be passed by probate court.*

"*In no case* shall an executor or administrator be allowed to retain for his own claim against the decedent, *unless the same be passed by the probate court,* and every such claim shall stand on an equal footing with other claims

of the same nature." (Emphasis supplied.)

2. Cf. D.C.Code § 18-523 (1961) as to retention of assets where a *third party* creditor's "claim" is "known" to the executor.

3. The record includes a copy of the certificate of the supervisor of the Inheritance and Estate Taxes Revenue Division of the District of Columbia which discloses that securities of the value of $36,428.37 constituted "property passing under control of personal representative" upon which there became due the sum of $1,-

all bonds, certificates of stock and other securities which I may own at the time of my death."

That provision like others in the will was specific and unequivocal. The will was executed on January 23, 1947, less than three years after the time appellant alleged a joint venture had been agreed upon. On its face, the will is a well ordered document. Its paragraph "First" devised real estate to the appellant "in recognition of the kindness shown me by Mrs. Marie Jeanne DePingre for many years."

"For the same reason," in paragraph Second, the testator bequeathed to the appellant "any money" of which he might be possessed (which according to the Final Account, amounted to $2,950.06), and "my insurance payable to her * * *."[4]

The testator provided that the named beneficiaries were to pay equally[5] the expenses of probating the will and administering the estate, "including any debts that I may owe at the time of my death," and no compensation was to be paid to his executrix.

In short, with full knowledge of the foregoing provisions, the appellant accepted the trust and purported to execute the terms of the will. She received all benefits prescribed for her, but she failed to comply with the provisions of D.C.Code §§ 18–511 and 18–512, supra note 1, and thus procured the Probate Court's approval of her account. She failed wrongfully to distribute to the appellee the corporate shares in question,

listed in Exhibit A.[6] The District Court in its discretion was free to withhold the entry of the "declaratory relief"[7] sought by the appellant. On that basis we will affirm and thus do not reach other contentions submitted by the parties. The judgment in favor of the appellee is

Affirmed

FAHY, Circuit Judge, concurs in the result.

---

147.13 in taxes. Appellee's brief asserts that appellee paid the inheritance tax of $1,147.13. In questioning from the bench, appellant's counsel did not dispute the statement and on the contrary represented that were we to reverse and to require a trial, the appellant would reimburse the appellee as to that item.

4. This paragraph further provided that Mrs. dePingre as named beneficiary was to pay the funeral expenses which amounted to $779.23. The final account showed Mrs. dePingre advanced that sum for the purpose.

5. The final account showed that Mrs. dePingre and the appellee each advanced $2,417.44 to pay such charges.

6. Her account showed the "Distribution value" of such shares to be in excess of $32,000. Omitted from Exhibit A were other securities shown in the account to have a "Distribution value" of some $9,-000, as to which appellant asserted no claim.

7. Oliver v. Udall, 113 U.S.App.D.C. 212, 216, 306 F.2d 819, 823 (1962), cert. denied, 372 U.S. 908, 83 S.Ct. 720, 9 L. Ed.2d 717 (1963).